IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SHELLEY COOLEY<br>    Plaintiff, | §<br>§<br>§ | |
| VS. | § | Case No. 4:11CV532 |
| | § | |
| CROSSWIRE INVESTMENT INC.,<br>    Defendants. | §<br>§<br>§ | |

**REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Defendants Foremost County Mutual Insurance Company and Foremost Insurance Company Grand Rapids, Michigan's Motion for Sanctions (Dkt 47). As set forth below, the Court finds that the motion should be DENIED.

In the motion, Defendants seek dismissal of this case with prejudice and an award of Defendants' reasonable attorneys' fees. The Court has already recommended that Plaintiff's be dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b) (*see* Dkt. 46). Defendants now seek a dismissal with prejudice, arguing that Plaintiff's case is without merit and that Plaintiff's counsel's conduct herein caused them to incur unwarranted fees and costs.

In this Circuit, Rule 41(b) dismissals with prejudice will be affirmed only on a showing of "a clear record of delay or contumacious conduct by the plaintiff, and where lesser sanctions would not serve the best interests of justice." *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006). The Court finds that a dismissal without prejudice is the appropriate remedy for Plaintiff's – and counsel's – conduct herein. "[I]t is not a party's negligence — regardless of how

1

careless, inconsiderate, or understandably exasperating — that makes conduct contumacious; instead, it is 'the stubborn resistance to authority' which justifies a dismissal with prejudice." *Brown v. Oil States Skagit Smatco*, 2011 WL 6032969, 5 (5th Cir. 2011) (*McNeal v. Papasan,* 842 F.2d 787, 792 (5th Cir.1988). The record here indicates more of an exasperating negligence as to Plaintiff's claims than a stubborn resistance. "[A] dismissal with prejudice for failure to prosecute is an extreme sanction" which is not warranted here. *Lee v. Delta Airlines, Inc.*, 1993 WL 81972, 1 (5th Cir. 1993). *See also Webb v. Morella*, 2012 WL 45411, 3 (5th Cir. 2012) ("Most cases affirming dismissals with prejudice involve at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.") (internal quotations omitted).

    The Court further finds that monetary sanctions are not warranted at this time. There is no indication that Plaintiff herself caused any of the delays herein, and the Court declines to engage in a Rule 12-like analysis as to the validity of Plaintiff's claims after it has already recommended dismissal of them. A sanction under Rule 11 "must be limited to what suffices to deter repetition of the conduct" and "may include nonmonetary directives." FED. R. CIV. P. 11(c)(4). Here, the Court finds that dismissal without prejudice with a strong warning to Plaintiff's counsel to fully correspond with and respond to opposing counsel in all future cases is sufficient.

    The record here further does not reflect the sort of unreasonable and vexatious multiplication of the proceedings by counsel that would warrant an award of fees and expenses under 28 U.S.C.A. § 1927. The case is in its earliest of pretrial phases, there is no scheduling order in place, and Plaintiff's conduct is indicative – either intentionally or unintentionally – that she no longer wishes to pursue her claims in this forum. More importantly, Defendants sought sanctions *after* the Court

recommended dismissal of the case. The award of sanctions is within the Court's discretion, and, having reviewed the record herein, an involuntary dismissal without prejudice is the sanction the Court has recommended as a result of Plaintiff's conduct herein. It is the sanction which is the least severe to deter Plaintiff's conduct. *Merriman v. Security Ins. Co. of Hartford*, 100 F.3d 1187, 1194 (5th Cir. 1996).

***While the Court declines to sanction Plaintiff or counsel in this case, Plaintiff's counsel is cautioned, however, that any future failures to respond to opposing counsel or the Court in this District will not be tolerated and may result in stronger monetary or dispositive sanctions.***

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 13th day of January, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE